**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ARLENE WINTERS, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **2:03cv1819** |
| ) | |
| JO ANNE B. BARNHART, ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court for consideration and disposition are PLAINTIFF'S COUNSELS'
AMENDED PETITION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO
JUSTICE ACT (*Document No. 21*) and PLAINTIFF'S COUNSEL'S SECOND AMENDED
PETITION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT
(*Document No. 25*).  The issue of whether Plaintiff's attorneys are entitled to receive attorney's
fees pursuant to the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412(a), has been
fully briefed.  *See* Document Nos. 22 & 24.

### Background

On November 26, 2003, Plaintiff Arlene Winters ("Plaintiff") brought an action pursuant
to 42 U.S.C. §§ 405(g) and 1383(c) for judicial review of the final determination of the
Commissioner of Social Security ("Commissioner"), which denied her application for
supplemental security income ("SSI") and disability insurance benefits ("DIB") under Title II of
the Social Security Act ("Act"), 42 U.S.C. §§ 401-403; 1381-1383(f).  In the underlying
administrative proceedings Plaintiff alleged disability as of June 1, 2002 due to depression,
anxiety attacks and agoraphobia.  In this Court the parties filed cross-motions for summary
judgment, and on January 25, 2005 the Court entered a Memorandum Opinion and Order of
Court which affirmed the ALJ's conclusion that Plaintiff was not disabled within the meaning of
the Social Security Act.  Document No. 11.  Plaintiff appealed the Court's decision to the United

States Court of Appeals for the Third Circuit, which reversed.  Document Nos. 14 & 20.  In accordance with the Third Circuit's judgment, opinion and mandate, this Court entered judgment in favor of Plaintiff and remanded the matter to the Commissioner of Social Security for the calculation and award of benefits.  Document No. 19.  Plaintiff's attorneys then sought attorney's fees under the EAJA.  Specifically, Attorneys William Remaley (counsel at the district court) and Karl E. Osterhout (appellate counsel) request a total of $11,933.50 for the initial litigation in this Court, the appeal to the Third Circuit and the post-appeal litigation over attorney's fees.  Second Amended Petition at ¶¶ 2-5.[1]

<u>Discussion</u>

A.    <u>Whether the Government's Position was "Substantially Justified"</u>

Whether an award of attorney's fees is appropriate in this case turns on whether the position taken by the government was "substantially justified."  Attorney's fees must be awarded "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust"  28 U.S.C. § 2412(d)(1)(A).  The Supreme Court has defined "substantially justified" as "justified in substance or in the main" or "justified to a degree that could satisfy a reasonable person."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).  "To be 'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness; that is assuredly not the standard for Government litigation of which a reasonable person would approve."  *Id*. at 566.  Additionally, the Supreme Court noted that "a position can be justified even though it is not correct, and we believe it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact."  *Id*. at 566 n.2.

In this Court and on appeal Plaintiff contended that the ALJ failed to give proper weight

---

[1]  Attorney Remaley seeks $3,958.50 (27.3 hours x $145.00 per hour), while Attorney Osterhout seeks $7,975.00 (55 hours x $145.00 per hour).  Second Amended Petition at ¶ 5.

to the opinion of her treating psychiatrist, Dr. Brenda Freeman ("Dr. Freeman").  In March of 2003, just prior to Plaintiff's hearing before the Administrative Law Judge,  Dr. Freeman opined that Plaintiff was unable to "work in any capacity at this time" due to panic attacks, depression and anxiety.  To support its contention that the ALJ properly discounted Dr. Freeman's opinion that Plaintiff was disabled, Defendant relied on evidence which seemed to indicate that Plaintiff's overall level of functioning was not so low as to preclude employment.  *See* Def's Br. in Supp. of Sum. Jdgmt. at 11-14.

In the Memorandum Opinion and Order of Court, the Court recognized that "the opinion of a treating physician concerning the nature and severity of an individual's impairment is entitled to controlling weight only if it is consistent with the other evidence of record and well-supported with clinical and diagnostic findings."  Mem. Op. at 8.  The Court went on to find, albeit erroneously in the view of the appellate court, that "the ALJ did not err when he declined to accept Dr. Freeman's opinion that Plaintiff is permanently disabled and cannot work in any capacity due to her anxiety disorders. "  *Id*. at 9.  The Court based this finding on a variety of evidence which seemed to indicate that Plaintiff's impairments were not as severe as Dr. Freeman had reported.  *See id.* at 9-10.

As mentioned above, the Third Circuit took a different view of the facts and reversed. The following passage reflects the "heart" of the Third Circuit's analysis:

> As Winters's treating physician, Dr. Freeman evaluated Winters every eight weeks over the course of two years, carefully titrating her medications and adjusting her therapy.  Dr. Freeman acknowledged that Winters had improved after several medication trials, but noted that her current medication regime reduced her symptoms by only 50%.  In addition, Winters's agoraphobia continued to hinder her progress as she was reluctant to leave her house, needing several days to plan any excursion.  As a result, Dr. Freeman had shifted the focus of Winters's treatment to reducing her anxiety sufficiently so she could begin to leave her home and attend further therapy on site at the agency.  Dr. Freeman's March 2003 report explained how Winters's continued symptomology adversely affected her ability to work.  Because Dr. Freeman's detailed report was the most recent medical evidence concerning Winters's psychiatric status in the record and was uncontradicted, it should not have been discounted by the ALJ.  *Plummer*, 186 F.3d at 429.  For that reason, we conclude that the ALJ erred by relying on the vocational expert's testimony concerning Winters's residual functional capacity inasmuch as it was based on Dr. Pacella's earlier report which not only failed to

3

take into account Winters's ability to freely leave her home, but also did not
reflect the extent of Winters's symptomology on her current medication regime.

Third Circuit's Op. at 6-7.

The Third Circuit concluded that Dr. Freeman's March 2003 report was the most recent
medical evidence of Plaintiff's psychiatric status in the record and was uncontradicted, and
therefore the ALJ erred in relying upon a hypothetical which was based upon an outdated and
inaccurate medical opinion provided by psychologist Steven Pacella, Ph.D. *See id.* at 7.
Although the Court views this as a close call, the Court finds and rules that Defendant's position
was not "substantially justified."  As the Third Circuit explained, under the "treating physician
rule" the ALJ was not free to discount the uncontradicted opinion of Dr. Freeman because the
"contradictory" evidence of Plaintiff's mental state was outdated. *See id.* at 6-7.  Although there
was outdated evidence of record which suggested that Plaintiff's limitations were not as severe as
indicated by Dr. Freeman, reliance upon such evidence is not "substantially justified."  Therefore,
the Court will award attorney's fees to Attorneys Remaley and Osterhout under the EAJA.


B.    Whether the Amount Requested Should be Reduced

As mentioned above, Plaintiff's attorneys request a total of $11,933.50 for the initial
litigation in this Court, the appeal and the post-appeal litigation over attorney's fees.  Second
Amended Petition at ¶¶ 2-5.  Defendant contends that if the Court does award attorney's fees,
there should be "a drastic reduction on Plaintiff's EAJA fee petition because it is excessive and
unreasonable."  Def's Br. in Opp. at 3.

Attorney's fees and expenses under the EAJA must be reasonable.  28 U.S.C. §§ 2412(b),
2412(d)(2)(A).  "Counsel for the prevailing party should make a good faith effort to exclude from
a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in
private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v.
Eckerhart*, 461 U.S. 424, 434 (1983).  A court has substantial discretion to fix the amount of an
EAJA award given its superior understanding of the litigation. *Commissioner, Immigration and*

*Naturalization Services. v. Jean*, 496 U.S. 154, 161 (1990).

The Court may not award less than the requested amount of fees "unless the opposing party makes specific objections to the fee request." *U.S. v. Eleven Vehicles, Their Equip. and Accessories*, 200 F.3d 203, 211-12 (3d Cir.2000) (citations omitted).  A district court may only decrease a fee based on factors raised by an adverse party. *See id.* (*citing Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir.1990)).  Once objections have been raised, the Court enjoys a great deal of discretion to adjust fees in light of the objections.  *See Rode*, 892 F.2d at 1183.  Finally, district courts must "conduct an extensive analysis and inquiry before determining the amount of fees..." *In re Cendant Corp. PRIDES Litig.*, 243 F.3d 722, 728 (3d Cir.2001).

Defendant contends that Attorney Remaley should not recover 1.2 hours that he billed for clerical tasks (filing the Complaint and Motion for Summary Judgment, service of process, etc.), and that his bill should be further reduced by 5.1 hours because the time billed "was either inappropriate, unreasonable, or excessive."  Def's Br. in Opp. at 5 & exh. A.  As for Attorney Osterhout, Defendant contends that he should not receive compensation for "opening of file and office processing," and the filing and service of the notice of appeal, appellant's brief, and appellant's index because those tasks are clerical in nature,[2] that Defendant should not have to pay for the time it took for Attorney Osterhout to get "up to speed" on the case, and that his bill should be further reduced because the time he spent drafting and reviewing various documents is excessive.  *Id*. at 10-11 & exh. B.

Other district court have held that time spent on purely clerical tasks may be subtracted from the bills.  *See Walton v. Massanari*, 177 F. Supp. 2d 359, 365 (E.D. Pa. 2001) (finding that "it is not reasonable to bill attorney time for such administrative tasks that can easily be performed by non lawyers."); *Coup v. Heckler*, 706 F.Supp. 405, 408 (W.D. Pa. 1989)

---

[2]. Attorney Osterhout billed 1.0 hour for preparation, filing and service of the notice of appeal.  Other entries on his itemization of time request compensation for "opening of file and office processing," as well as "filing and service of Appellant's Brief and Appendix."  *See* Def's Br. in Opp., exh. B.

("Plaintiff's counsel seeks payment for .7 hr. spent taking the appellate brief to the printer and .5 hr. for picking it up. While we appreciate counsel walking faster on his second trip to the printer, this task was merely clerical in nature" and therefore not compensable).

The Court finds that amounts billed for clerical tasks are not "reasonable" and are not compensable as attorney time under the EAJA.  *Walton*, 177 F. Supp. 2d at 365; *Coup*, 706 F.Supp. at 408.  Therefore, the Court will subtract those amounts from the fee petitions.  As to Attorney Remaley, the Court will subtract the 1.2 hours he billed for filing the Complaint, service of process, and filing the Motion for Summary Judgment and Brief.  *See* Def's Br. in Opp., exh. A.  Therefore, Attorney Remaley will be awarded $3,784.50.[3]  The Court will likewise subtract 1.2 hours from Attorney Osterhout's bill for "opening of file and office processing," filing and service of the notice of appeal, and "filing and service of Appellant's Brief and Appendix."  *See* Def's Br. in Opp., exh. B.[4]  Therefore, Attorney Osterhout will be awarded $7,801.00.[5]

As for Defendant's other objections to time, the Court finds that the amounts of time billed by Attorneys Remaley and Osterhout for their drafting and review of the record, pleadings and the like are reasonable.  The Court has fully considered Defendant's arguments and is unable to find that Attorneys Remaley and Osterhout have billed an unreasonable amount of time for any purely legal task set forth in their fee petitions.  Therefore, the Court declines to otherwise disturb the amounts of time billed.

---

[3]  The Court's calculations are as follows: 27.3 hours - 1.2 hours = 26.1 hours; 26.1 hours x $145 per hour = $3,784.50.

[4]  The Court notes that Attorney Osterhout's itemization of time does not separate clerical tasks from "ordinary" attorney time.  *See* Pltf's Amended Petition at 4.  The Court's figure of 1.2 hours is a reasonable estimate of the time Attorney Osterhout billed for clerical tasks.

[5]  The Court's calculations are as follows: 55 hours - 1.2 hours = 53.8 hours; 53.8 hours x $145 per hour = $7,801.00.

Conclusion

The Court finds that Attorneys Remaley and Osterhout are entitled to attorney's fees under the EAJA, and that with the exception of time billed for clerical work, the amounts are reasonable.  Therefore, the Court will award counsel for Plaintiff their attorney's fees.  An appropriate Order follows.

McVerry, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ARLENE WINTERS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **2:03cv1819** |
| | ) | |
| **JO ANNE B. BARNHART,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

AND NOW, this 13th day of March, 2006, it is hereby ORDERED, ADJUDGED and DECREED as follows:

1)   Plaintiff's Counsels' Amended Petition for Attorney Fees Under the Equal Access to Justice Act and Plaintiff's Counsel's Second Amended Petition for Attorney Fees Under the Equal Access to Justice Act are **GRANTED IN PART**;

2)   Defendant shall pay Attorney William Remaley the amount of $3,784.50 in attorney's fees; and

3)   Defendant shall pay Attorney Karl E. Osterhout the amount of $7,801.00 in attorney's fees.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:   Karl E. Osterhout, Esquire
Email: karl@keolaw.com

Megan Farrell, AUSA
Email: megan.farrell@usdoj.gov

William J. Remaley, Esquire
Email: bglawyer@pair.com

Rebecca Haywood, AUSA
Email: rebecca.haywood@usdoj.gov